UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH LYONS,

    Plaintiff,        CIVIL ACTION NO. 08-CV-13631

vs.        DISTRICT JUDGE GERALD E. ROSEN
        MAGISTRATE JUDGE DONALD A. SCHEER

KELLY HOLDEN-SELBY, and
CHRISTINA STEWART,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants' Motion for Summary Judgment should be granted, as Plaintiff failed to establish any violations of his federally secured constitutional rights arising out of an alleged failure to protect him from a physical assault by other another inmate.

\*   \*   \*

Plaintiff, by and through retained counsel, filed the instant Amended Complaint pursuant to 42 U.S.C. § 1983, on March 20 2009, against the above named Defendants who are employed by the Michigan Department of Corrections at the Southern Michigan Correctional Facility (JMF) in Jackson, Michigan. Defendants Holden-Selby (Assistant Resident Unit Supervisor) and Stewart (Resident Unit Officer) are both employed at JMF. The Defendants were sued in both their individual and official capacities.

Plaintiff alleges that, on February 3, 2007, while he was incarcerated at JMF, he was assaulted by fellow inmate Vernard Meadows and knocked unconscious. Even though he received prompt medical attention for a head injury at Foote Hospital immediately after the incident was reported to prison authorities, Plaintiff claims that the Defendants had been

grossly negligent in allowing inmate Meadows to share his cell at JMF. Plaintiff claimed that he had warned Defendants that Meadows had threatened his life prior to the February 2007 assault, but that nothing was done to separate the two men. Claiming violations of his Eighth Amendment right to be free from cruel and unusual punishment, Plaintiff seeks compensatory and punitive damages.

On December 18, 2009, the Defendants filed a Motion for Summary Judgment, with supporting affidavits and deposition testimony, based upon a failure to state a claim (no showing of deliberate indifference or obdurate conduct with respect to Plaintiff's safety), and qualified immunity. In an attached affidavit, Defendant Holden-Selby acknowledged that Plaintiff requested a cell transfer because he was not getting along with bunkmate Meadows. Plaintiff denied feeling threatened by, or needing protection from, inmate Meadows. Plaintiff was told that he would be placed on a "move list", and that a cell transfer would take place once a vacancy became available. Defendant Holden-Selby stated that she was not aware of any problems with prisoner Meadows prior to the February 2007 assault (See Holden-Selby affidavit, ¶3, attached as Exhibit 2 to Defendants' Motion for Summary Judgment).

Defendant Christina Stewart testified, during an August 2009, deposition, that she could not recall whether prisoner Meadows had ever threatened anyone prior to his assault on Plaintiff. Defendant Stewart admitted that Meadows had once threatened her, but claimed that the threat was made after Plaintiff had already been assaulted. Defendant Stewart promptly called for medical assistance after she discovered Plaintiff unconscious inside his cell on February 3, 2007, while making her rounds. Once Plaintiff was taken to the hospital, prisoner Meadows was immediately placed in administrative segregation (See

deposition testimony of Christina Stewart at pp 8-10, attached as Exhibit 4 to Defendants Motion for Summary Judgment). In a reply dated January 11, 2010, Plaintiff essentially reiterated the allegations found in his Amended Complaint. The parties were given the opportunity to present oral arguments at a hearing held on February 2, 2010.

FAILURE TO PROTECT

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 838 (1994) (citations omitted). Prison officials can be held liable for an Eighth Amendment violation when an inmate shows: (1)"that he is incarcerated under conditions posing a substantial risk of serious harm," and (2) that the prison official had "the state of mind ... of 'deliberate indifference' to inmate health or safety." Farmer, 511 U.S. at 838 (citations omitted). "[A]cting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." Id. at 841.

That the plaintiff establish that the defendant had "actual knowledge" of a "specific" threat of harm to the plaintiff was emphasized by the Sixth Circuit in Marsh v. Arn, 937 F.2d 1056 (6th Cir. 1991). In that case, the district court had granted a motion for judgment filed by four prison officials notwithstanding the verdict. The Sixth Circuit affirmed the grant of JNOV explaining:

> Viewing the evidence in the light most favorable to Marsh, it establishes only that [defendant] Amis knew of [inmate] Leonard's previous two fights among inmates and that she knew that Marsh wanted to change rooms. This evidence is insufficient to raise a jury question as to whether Amis had actual knowledge of a genuine, or has [sic] one court put it, a "specific" risk of harm to Marsh.

> 937 F.2d at 1061.

In discussing how Farmer v. Brennan, supra, impacted this Circuit's decision in Marsh v. Arn, the Sixth Circuit in Street v. Corrections Corp of America, 102 F.3d. 810 (6th Cir. 1996), stated:

> To the extent that Marsh required a showing of "specific risk," it is inconsistent with Farmer. To the extent that Marsh allowed a plaintiff to prove an Eighth Amendment violation by means of showing a "pervasive risk of harm," it is consistent with Farmer's requirement of a showing of a "substantial risk of serious harm"
>
> 102 F.3d. at 815.

However, the Street court went on to acknowledge that "'[a] subjective approach' must be used to determine whether the defendants had 'the state of mind. . . of deliberate indifference to inmate health or safety.'" Id., at 815, quoting Farmer v. Brennan, 511 U.S. at 837.

The Street court then found that this subjective determination "is a question of fact 'and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" Id. at 815-816, quoting Farmer v. Brennan, 511 U.S. at 842. In sum, prison officials are subject to liability under the Eighth Amendment for an inmate's injury by another prisoner only if a substantial risk of serious harm to Plaintiff existed, and that Defendants were aware of that risk and then failed to act. Farmer v. Brennan, 511 U.S. at 837.

Applying these standards, I am persuaded that Plaintiff has failed to set out facts showing a compensable failure to protect him. Based on the affidavits and deposition testimony before me, there are no material issues raised, apart from Plaintiff's

4

unsubstantiated allegations, as to whether either of the Defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm to Plaintiff existed. Therefore, there is no need here to determine whether they drew that inference and then failed to act.

Plaintiff has failed to come forward with sufficient facts showing that Defendants were deliberately indifferent. There is no evidence that Defendant Holden-Selby was subjectively aware of a risk of violence. In deposition testimony, Plaintiff acknowledged that Defendant Holden-Selby did not believe him when he requested a cell transfer after inmate Meadows had allegedly threatened him with a knife. (See deposition testimony of Joseph Lyons at pp 11-12, attached as Exhibit 1 to Defendants Motion for Summary Judgment). This is vastly different from knowing of a substantial risk of serious harm and then deliberately ignoring that risk. Although Plaintiff had expressed concerns about verbal threats, there was no evidence of an imminent risk of actual violence.

Since Plaintiff and inmate Meadows had been housed together for two months without any reported incidents of violence prior to the assault, Defendant Holden-Selby justifiably did not seek an immediate cell transfer upon learning that the two prisoners were not getting along. Given that there was no indication of any intentional, deliberate indifference on the part of either Defendant to a risk of serious injury to Plaintiff, no documented denial by them of any request for protective segregation, and no showing that they had actual knowledge of any impending assault, Plaintiff has failed to establish a purposeful failure to protect him from known dangers of violent attack.

Prison officials make decisions every day that expose one inmate to another. It would be impossible to segregate every prisoner from every other prisoner 24 hours a day.

Occasionally, the officials' affirmative acts and decisions will give one prisoner the opportunity to commit a criminal assault on another. This, without more, is insufficient to constitute a constitutional violation. The act or omission of the prison official must also display a deliberate indifference to the unreasonable risk of injury, which was not shown here under the facts alleged.

Accordingly, for the foregoing reasons, it is recommended that Defendants' Motion for Summary Judgment be granted and the instant Amended Complaint dismissed. The parties are advised that any objections to this Report and Recommendation must be filed with the Court within fourteen (14) days after they are served with a copy, or further appeal from Judge Rosen's acceptance thereof is waived.

                                            s/Donald A. Scheer  
                                            DONALD A. SCHEER  
                                            UNITED STATES MAGISTRATE JUDGE  
DATED: April 19, 2010

_____

**CERTIFICATE OF SERVICE**

I hereby certify on April 19, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 19, 2010: **None.**

                                            s/Michael E. Lang  
                                            Deputy Clerk to  
                                            Magistrate Judge Donald A. Scheer  
                                            (313) 234-5217